UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA ALLIANCE OF CHILD AND
FAMILY SERVICES,

          Plaintiff,

  v.

CLIFF ALLENBY and MARY AULT,

          Defendants.
_____/

No. C 06-04095 MHP

**ORDER**
**Re: Cross-Motions for Summary Judgment**

      On June 30, 2006 plaintiff California Alliance of Child and Family Services filed a complaint against Cliff Allenby, Interim Director of the California Department of Social Services ("DSS"), in his official capacity, and Mary Ault, Deputy Director of the Children and Family Services Division of DSS, in her official capacity, alleging that defendants violated the foster care provider reimbursement provisions of the Child Welfare Act, 42 U.S.C. sections 670-679b. Now before the court are the parties' cross-motions for summary judgment. Before the court issues a ruling, the court seeks additional information as described below.

      This action requires interpretation of California Welfare and Institutions Code section 11462(g)(2), which provides that "[b]eginning with the 2000-01 fiscal year, the standardized schedule for rates shall be adjusted annually by an amount equal to the CNI computed pursuant to Section 11453, subject to the availability of funds." This statute, by it terms, requires an annual assessment where the DSS is to compute a standardized schedule of rates based on the CNI increase and then analyze whether the resultant schedule ought to be adopted based upon the availability of funds. This annual review is required independent of the amount of funds available.

Since 2001-02, the CNI has increased 17.77%, whereas the standardized schedule of rates has remained unchanged. Thus, at least five annual reviews must have been performed by the DSS since the 2001-02 fiscal year.

The court seeks evidence of these annual reviews where it was determined that the standardized schedule will not be adjusted due to the non-availability of funds. The court orders that the DSS provide evidence, in the form of declarations containing detailed information and contemporaneous documents, to elucidate the facts surrounding each annual review. Specifically, whether the annual review took place, what decisions were made during the annual review, and how the DSS determined that the funds required to sanction an increase in the standardized schedule were not available.

The DSS is to submit this evidence within forty-five (45) days of the date of this order.

IT IS SO ORDERED.

Dated: December 10, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California