UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ALLIANCE OF CHILD AND FAMILY SERICES,<br><br>Plaintiff,<br><br>v.<br><br>CLIFF ALLENBY, Interim Director of the California Department of Social Services, in his official capacity, and MARY AULT, Deputy Director of the Children and Family Services Division of the California Department of Social Services, in her official capacity,[1]<br><br>Defendants. | No. C 06-4095 MHP<br>Related to No. C 09-4398 MHP<br><br>**JUDGMENT** |

On December 14, 2009, the United States Court of Appeals for the Ninth Circuit ruled that defendants have violated federal law because "the State is not covering the costs required by the [Child Welfare Act.]" *California Alliance of Child & Family Servs. v. Allenby*, ___ F.3d ___, 2009 WL 4755730, at *5 (9th Cir. Dec. 14, 2009). The Court of Appeals ordered this court to enter judgment in favor of plaintiff California Alliance of Child and Family Services (the "Alliance") as a matter of law. *See id.* The Ninth Circuit's mandate was received by this court on January 6, 2010. Docket No. 85. The issues in this matter having been heard and a written opinion having been duly rendered and filed by the Court of Appeals on December 14, 2009, it is hereby ORDERED and ADJUDGED as follows:

1. The Alliance's motion for summary judgment, filed on July 16, 2007, *see* Docket No. 34, is GRANTED in its entirety, and the court's prior order granting defendants' cross-motion for summary judgment, *see* Docket No. 57, is VACATED.

2. The Clerk's Judgment entered in favor of defendants Cliff Allenby and Mary Ault and against the Alliance, filed on March 12, 2008, *see* Docket No. 58, is VACATED.

3. The Alliance's request for declaratory relief in its complaint is GRANTED. The court hereby finds that the standard rates paid under California's Rate Classification Level ("RCL") system violate the Child Welfare Act ("the Act"), 42 U.S.C. §§ 670-679b, because the State does not "cover the cost" of providing the items and services enumerated in the Act.

4. The Alliance's request for permanent injunctive relief in its complaint is GRANTED. Defendants Cliff Allenby and Mary Ault, and their successors, including John Wagner and Gregory Rose, and their respective agents, officers, servants, employees, attorneys and representatives, and all persons acting in concert or participating with defendants in their respective official capacities as Director of the California Department of Social Services and Deputy Director of the Children and Family Services Division of the California Department of Social Services, and each of them, are hereby ORDERED to:

    a. Adjust the current standard rates paid under the RCL system to group homes to an amount equal to the standard rates in the original standardized schedule of rates for state fiscal year 1990-91 to include the 76.25% cumulative increase in the California Necessities Index ("CNI") from 1990-91 through 2009-10, effective and to be applied to amounts paid as of December 14, 2009, the date on which the Court of Appeals entered its opinion, for each RCL as follows:

| Rate Classification Level | Rate (Effective December 14, 2009) |
| --- | --- |
| 1 | $2,085 |
| 2 | $2,605 |
| 3 | $3,125 |

| | | |
|---|---|---|
| | 4 | $3,643 |
| | 5 | $4,159 |
| | 6 | $4,681 |
| | 7 | $5,199 |
| | 8 | $5,719 |
| | 9 | $6,237 |
| | 10 | $6,757 |
| | 11 | $7,274 |
| | 12 | $7,795 |
| | 13 | $8,319 |
| | 14 | $8,835 |

b. The standardized schedule of rates shall be adjusted annually, no later than the first day of the State's fiscal year, July 1, to reflect the change in the CNI for the current fiscal year. Such adjustments are not subject to the availability of funds.

c. The new fully-funded standardized schedule of rates, reflected in paragraph 4(a) above, which rates are adjusted to include the 76.25% cumulative increase in the CNI from 1990-91 through 2009-10, shall be used to establish the AFDC-Foster Care rates paid for both federally-eligible and non-federally eligible children.[2]

d. The standardized schedule of rates shall be adjusted annually, no later than the first day of the State's fiscal year, July 1, to reflect, as described at California Welfare and Institutions Code section 11462(m), "any new departmental requirements established during the previous fiscal year concerning the operation of group homes, and of any unusual, industrywide increase in costs associated with the provision of group care that may have significant fiscal impact on providers of group homes care," to the extent that the additional costs of such new departmental requirements and industrywide increase in costs are excluded from the CNI calculations.[3]

3

5.  The Alliance may bring a motion to recover its attorneys' fees and costs within the statutory time period.

6.  The court retains jurisdiction to enforce this Judgment.

IT IS SO ORDERED.

Dated: February 23, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4

# ENDNOTES

1. By operation of Federal Rule of Civil Procedure 25(d), the current Director of the California Department of Social Services and Deputy Director of the Department's Children and Family Services Division are automatically substituted as defendants. To distinguish this action from the related action filed in 2009, the original caption is nevertheless used here.

2. The injunction extends to non-federally eligible children for the reasons set forth in this court's order of December 18, 2009, entered in the related *California Alliance v. Wagner* action. *See* Case No. C 09-4398 (N.D. Cal.) (Patel, J.), Docket No. 67 (Order Re: Scope of Preliminary Injunction).

3. "[T]he CWA does not set rates or tell states how they are supposed to cover costs. It does not require states to apply an index such as the CNI, or to adopt any particular system for arriving at the amount to be reimbursed. But . . . under the system the State chose to follow, it must make yearly CNI adjustments (or some other inflationary adjustment) to account for the rise (or fall) in its standardized schedule of rates." *Allenby*, 2009 WL 4755730, at *5. The State has the authority to develop an alternate system that meets the requirements of the Child Welfare Act. Counsel for defendants has indicated that the California Department of Social Services is considering options for replacing the RCL system with some other system to cover the costs of foster children in group homes. Paragraph 4 of this order, including subparagraphs (a) through (d), remains in force until such time as the State—after receiving the approvals required by law, including that of the United States Department of Health and Human Services—implements an alternative system that meets the requirements of the Child Welfare Act.