United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA ALLIANCE OF CHILD AND
FAMILY SERVICES,

                    Plaintiff,

          v.

CLIFF ALLENBY, Interim Director of the
California Department of Social Services, in
his official capacity; MARY AULT, Deputy
Director of the Children and Family Services
Division of the California Department of Social
Services, in her official capacity,

                    Defendants.

_____/

No. C 06-4095 MHP

**MEMORANDUM & ORDER**

**Re:  Defendants' Request for an Amended
Judgment**

          On February 24, 2010, this court issued a judgment in this action.  Docket No. 92

(Judgment).  Two days later, counsel for defendants requested that the court modify the judgment.

Docket No. 93 (Request).  The court treats this request as a motion to amend the judgment under

Federal Rule of Civil Procedure 59(e).  The court sought further briefing from the parties, and the

parties complied.  *See* Docket Nos. 98, 101, 103.  Having considered the parties' arguments and

submissions and for the reasons stated below, the court enters the following memorandum and order.


DISCUSSION

          California Welfare and Institutions Code section 11462(m) requires the California

Department of Social Services ("CDSS") to annually submit a list to the California Legislature

specifying new group home requirements and industrywide increases in costs.  The subsection

states:

          (m) The department shall, by October 1 of each year, commencing October 1, 1992,
          provide the Joint Legislative Budget Committee with a list of any new departmental

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> requirements established during the previous fiscal year concerning the operation of group homes, and of any unusual, industrywide increase in costs associated with the provision of group care that may have significant fiscal impact on providers of group homes care.  The committee may, in fiscal year 1993-94 and beyond, use the list to determine whether an appropriation for rate adjustments is needed in the subsequent fiscal year.

The subsection allows, but does not require, the legislature to use this list to determine rate adjustments for group care providers.

The court's February 24, 2010 judgment, however, relies upon section 11462(m) to require, to the extent not already incorporated through the California Necessities Index ("CNI"), that costs reported in this list be included when group care rates are adjusted.  It states, in paragraph 4(d), that:

> The standardized schedule of rates shall be adjusted annually, no later than the first day of the State's fiscal year, July 1, to reflect, as described at California Welfare and Institutions Code section 11462(m), 'any new departmental requirements established during the previous fiscal year concerning the operation of group homes, and of any unusual, industrywide increase in costs associated with the provision of group care that may have significant fiscal impact on providers of group homes care,' to the extent that the additional costs of such new departmental requirements and industrywide increase in costs are excluded from the CNI calculations.

Defendants correctly claim that Welfare and Institutions Code section 11462(m) is not part of the Rate Classification Level ("RCL") methodology, and consequently, need not be considered when the standardized schedule of rates is set.  Welfare & Institutions Code section 11462(m) is simply a reporting requirement regarding expenses which may or may not be reflected in the CNI, and does not require that the enumerated expenses be incorporated into the RCL.  Indeed, plaintiff agrees that "[s]ection 11462(m) requires the Department of Social Services to report to the Legislature increases in certain costs that are not reflected in the California Necessities Index ("CNI"), and thus provides a way for the Legislature to adjust rates to account for such increased costs."  Docket No. 101 (Opposition) at 1:4-7.  There is no requirement that this list, created for the convenience of the legislature, be incorporated into the RCL.

The composition of costs included in the RCL is not at issue here.  According to the Ninth Circuit, "Alliance accepts the State's system for calculating costs to be covered, but takes issue with the State's underfunding of foster care maintenance payments as a result of having failed to adjust the standardized schedule of rates by an amount equal to the CNI since 2001."  *California Alliance*

2

United States District Court

For the Northern District of California

1  *of Child & Family Servs. v. Allenby*, 589 F.3d 1017, 1019 (9th Cir. 2009).  The Ninth Circuit

2  recognized that "Alliance does not contend that the State must cover every dime spent on the care of

3  foster children.  Rather, its position is that the State is not paying the amount the State itself treats as

4  costs—that is, the RCL as adjusted each year in accordance with the CNI—and this is what falls

5  short of complying with the CWA."  *Id.* at 1022.  There is no evidence here that California has

6  determined that new group home requirements or industrywide cost increases necessitate a rate

7  adjustment.  In other words, the State has yet to find these expenses to be reimbursable.  Thus, the

8  RCL need not necessarily be adjusted based on these expenses.  The Ninth Circuit's decision

9  specifically does not require the State to cover every dime spent on the care of foster children;

10  instead, the State is only required to cover the expenses it has found to be reimbursable.

11  Plaintiff contends that without reference to section 11462(m), the State could impose "new

12  requirements with new costs on group homes in the future" without adjusting the RCL.  Opposition

13  at 2:21-24.  This amorphous future possibility is not yet ripe for review.  Moreover, the State is not

14  required to cover all actual costs borne by foster care providers.  The Ninth Circuit has found that

15  even though "the State's definition of covered items for foster care maintenance payments does not

16  precisely mirror the federal statute," the same "does not make it noncompliant."  *Id.* at 1023.  "The

17  State's plan generally tracks the federal definition of daily living expenses, making the State

18  substantially compliant."  *Id.*  Plaintiff does not argue that the exclusion of expenses enumerated in

19  the list required by section 11462(m) make the State not substantially compliant with federal

20  requirements.  In sum, section 11462(m) does not require that costs reported in this list be included

21  when the RCL is adjusted.  Paragraph 4(d) of the February 24, 2010 judgment is stricken.

22

23  CONCLUSION

24  Paragraph 4(d) of the judgment entered on February 24, 2010 is stricken.  An amended

25  judgment will be entered.

26  IT IS SO ORDERED.

27  Dated: April 30, 2010

28  _____
   MARILYN HALL PATEL
   United States District Court Judge
   Northern District of California

3